HALL v. STEWART.

1. By a sealed agreement, A. and B. were to hold the land as equal partners, A. to remain in possession, and hold for the use of both, and to pay B. one-half of what should be adjudged a reasonable rent; covenant lies, although A. may have expended money in improving the land.

2. A. having a sheriff's title to land, executed a sealed agreement with B., by which it was covenanted that they should hold the land as partners, and that B. should pay half the rent to A. : this agreement recited another sheriff's title in C., which B. had agreed to purchase. Subsequently, C. conveyed that title to A., who conveyed to B. to hold for such estate as C. had at the time of his conveyance to A. A.'s title to the rent under the original articles is not thereby affected.

IN error from the Common Pleas of Fayette.

Covenant. The deed on which the action was brought was executed Nov. 1828. It recited that the land on which the defendant resided had been purchased by the plaintiff at a sheriff's sale under a judgment against M. Hall, and that it had also been purchased by Irving and Ewing, under a judgment against E. Hall, and that Irving and Ewing had agreed to sell to the defendant. It was therefore agreed that upon the defendant's fulfilling his contract with Irving and Ewing he should have "an equal interest in the land with the said Stewart, and they are to hold the land as equal partners therein, he, the said Hall, to remain in possession and to hold the same for the joint use of the said Stewart and Hall, the said Hall to pay the said Stewart the one-half of what shall be adjudged a reasonable rent for the said place for the time the said Hall has been in possession of the same and may continue to be in possession thereof under this agreement."

The plaintiff, having read this deed, gave evidence of the annual value of the land.

The defendant read in evidence articles made in 1823, whereby

Irving and Ewing agreed to convey the land to Hall, the defendant, on his paying a certain sum of money to them. Subject to this agreement Irving and Ewing in 1825 conveyed the property to the plaintiff Stewart and one Dawson. In 1832, Stewart and Dawson, by deed reciting these articles and conveyance, conveyed this tract of land to the defendant Hall, "to have and to hold the said tract of land as fully, and for such estate as the said Irving and Ewing had in and to the same at the time of their conveyance to the said Stewart and Dawson as aforesaid." The defendant also gave some evidence of expenditures for improvements on the land, and contended—1. That by the articles a partnership was created, and therefore covenant would not lie. 2. That the conveyance of 1832 estopped the plaintiff from claiming the rent.

The judge ruled these points against him, and these were the questions argued here.

*Deford*, for plaintiff in error.—It is impossible for the defendant in this action to settle his accounts of all the expenses on this farm, which it was expressly agreed should be held in partnership: and hence account render is the only action which lies: 1 W. & S. 530. The conveyance of 1832 passing the reversion *extinguished the* right to rent: 1 W. & S. 83, 443.

*Howell* and *Veech*, contrà.—Account render will not lie, for the cause of action arises solely on an undertaking by specialty to pay one rent. In 1 W. & S. 530, there was merely a parol obligation to render an account of the profits of a mill. Here the rent is sufficiently certain, 9 Barr, 222, and covenant lies between co-tenants: 2 Bro. & Bing. 660.

As to the estoppel: it is sufficient to say that the right Stewart had at the date of the articles has never been conveyed.

COULTER, J.—In England the action of account has been for a long time much disused. The proceedings are dilatory and intricate, and resort is almost always had, where there is much perplexity or intricacy in the affairs, to the Court of Chancery, and where there is less entanglement, the action of assumpsit is sometimes adopted. At common law the action did not lie by one tenant in common against his fellow, although he took the whole of the profits to his own use, unless he was appointed bailiff to render an account, Co. Lit. 200 b. But by the statute of Anne, it can be maintained by one tenant in common against the other, *as bailiff*, for receiving more than comes

to his just share and proportion. But it by no means follows that another action, suitable to the circumstances, will not lie between them. Certainly the action of covenant will lie, where they have entered into mutual stipulations and agreements. In Long v. Fitzsimmons, 1 W. & S. 530, it was ruled that *account* would lie upon the lease of a mill by parol, where the terms were that the tenant was to *divide the profits*, one-third to the landlord, and two-thirds to himself, he having sold the whole. The action could there be maintained by the landlord, because that was the only way in which the amount of the profits could be ascertained, and because a clear agreement to account was implied in the very terms of the lease. Even as between partners, where there has been a distinct promise to pay an ascertained sum, assumpsit will lie; *a fortiori* where there is a covenant under seal, an action will lie on the covenant. In this case the defendant was not the bailiff of anything belonging to the plaintiff, nor the receiver of goods or moneys which were the property of the plaintiff. The land was leased by covenant under seal to the defendant, to farm it for his own use and benefit, in consideration whereof he covenanted to pay the plaintiff a reasonable rent. What is reasonable can be ascertained by testimony in this as in many other instances where the law is the same, upon a reasonable intendment, as upon a fixed sum or time. What the tenant received, therefore, he received in his own right, rendering by agreement an equivalent. It is not necessary to say that account would *not lie* in this case, although I confess my mind inclines strongly that way. But, the action of covenant will lie upon the mutual covenants of the parties, in this as in all other cases. Tenants in common have neither privity of title nor privity of interest; these are distinct and separate, and why may they not mutually contract in relation to their distinct interests? I see no reason whatever why they should not. They have an unity of possession, but that is in no way affected by the covenant in the lease. The articles of lease which recite the title of Stewart and Hall, do not constitute them partners in said land, holding it with the incidents of a partnership. It was a single transaction, and the article declares that, upon Hall's doing a certain thing mentioned, he shall have an equal interest in the land with Stewart, and they are to hold the land as equal partners. It is merely a clumsy use of the word partners, to show that they hold equal interests. They hold by separate titles, from different persons, and in neither of their conveyances is there any grant to them as partners.

But Hall did not do what he was bound to do, that is, pay the balance of purchase-money to Ewing and Irving, from whom he bought, and Stewart and Dawson paid that balance and took a conveyance from Irving and Ewing of the legal title subject to the equity of Hall, and afterwards, upon Hall's paying them that balance, they conveyed to Hall according to their agreement with Ewing and Irving. The intent of this deed is so apparent, that he who runs may read; and the intent of the grantor is the ruling principle in the construction of deeds. Hall did not pay the balance of purchase-money due on his part, which alone was by the articles of agreement to make him an equal participator in interest with Stewart; and Stewart and Dawson did it for him, and several years after, when he paid this balance, they conveyed to him the land and title he had purchased from Irving and Ewing, expressly by the *habendum* limiting it to that. And in this action Hall sets up that deed as an estoppel to the rent and a conveyance of the reversion; thus endeavouring to convert the kindness of his friend into a weapon to smite him.

But the law cannot be made the instrument of such contrivances. The consideration in the deed from Stewart and Dawson to Hall is $125, the same precisely which they paid to Ewing and Irving, as the balance of purchase-money due from Hall, on the payment of which they were to convey the legal title. And they did convey what Hall had purchased from Ewing and Irving, and no more; and then only was Hall entitled to be an equal participator in interest with Stewart, according to the terms of the lease. There is no more in the second point than in the first. The articles of lease remained in full force by the clear intent of the parties; they were neither weakened nor impaired by the deed.

Judgment affirmed.